UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

KAREEM S. PERRY,

               Plaintiff,            08 Civ. 3586

   -against-                              OPINION

PAUL STEPHENS, S/H/A P. STEPHEN,
CORRECTIONS OFFICER,

               Defendant.

------------------------------------X



A P P E A R A N C E S:

    Pro Se

    Kareem S. Perry
    93A5130
    Southport Correctional Facility
    P.O. Box 2000
    236 Bob Masia Drive
    Pine City, NY  14871

    Attorneys for Defendant

    ANDREW M. CUOMO
    Attorney General of the State
      of New York
    120 Broadway, 24th Floor
    New York, NY  10271
    By:  Donald Nowve, Esq.

**Sweet, D.J.**

Defendant Corrections Officer Paul Stephens, s/h/a P. Stephen ("Officer Stephens" or the "Defendant") has moved for summary judgment to dismiss the pro se complaint of Kareem S. Perry ("Perry" or the "Plaintiff") pursuant to Rule 56, Fed. R. Civ. P. Upon the facts and conclusions set forth below, the motion is granted and the complaint will be dismissed.

## I. PRIOR PROCEEDINGS

The pro se complaint of Perry was filed on April 15, 2008, alleging that Officer Stephens violated Perry's Eighth Amendment rights by subjecting him to the excessive use of force during an incident at Downstate Correctional Facility on January 2, 2008. Discovery proceeded and the instant motion was marked fully submitted on April 7, 2009.

## II. THE FACTS

The facts are set forth in the parties' respective Statements Pursuant to Local Rule 56.1 and are not disputed except as noted below.

1

Officer Stephens is currently employed by the New York State Department of Correctional Services ("DOCS") as a Corrections Officer ("C.O.") at Downstate Correctional Facility ("Downstate") in Fishkill, New York, and was so employed during the time relevant to this action.

Perry is presently serving a sentence of 10 to 20 years' incarceration at Southport Correctional Facility in Pine City, New York, following his conviction in 1993 in Kings County for Attempted Murder in the Second Degree.

At the time of the alleged incident giving rise to this action, Perry was being transported by DOCS bus from Upstate Correctional Facility to Elmira Correctional Facility ("Elmira") with an overnight stopover at Downstate. After re-boarding the bus on the morning of January 2, 2008, to begin the second leg of the trip, Perry refused to comply with Officer Stephens' orders instructing Perry to change his seat and move from the rear to the front of the bus. Perry testified he wanted to sit in the rear of the bus with another inmate.

2

Following his refusal to comply with Officer Stephens' orders, Perry was removed from the bus and taken to the Downstate "draft"[1] area to determine whether he would be permitted to continue the trip to Elmira.

Perry has alleged that while shackled in the draft area, Officer Stephens yelled at him and "slapped [plaintiff] several times across the face . . . and began choking me after I attempted to kick [Stephens]". See Complaint at 3. Perry testified at his deposition that Stephens slapped him "four times." Ex. B to Decl. of Counsel in Supp. of Mot. for Summ. J. ("Nowve Decl.") at 35. Perry also testified that Officer Stephens would have continued choking him if other corrections officers had not pulled Officer Stephens away. According to Perry, he requested a videotape of the incident but was told it was unavailable. Officer Stephens has denied that he used force against Perry or had any physical contact with him during the alleged incident.

As a result of the incident, Perry was found guilty of violating several DOCS disciplinary rules.

---

[1] Inmates are administratively processed in the "draft" or "bullpen" area upon their arrival and departure from Downstate.

Sanctions imposed after a hearing at Elmira included 6 months' confinement in the Special Housing Unit ("SHU").

Perry testified during his deposition that his injuries consisted of a "slight bruise . . . on the side of my face . . . just a little red marking, just a little bruise." Id. at 40. Perry stated the pain from the single bruise lasted "a couple of days" or "about four days" and that the only treatment it required was ointment. Id. at 43, 47-48. He also testified that the pain from allegedly being choked by Officer Stephens lasted several hours and that he "didn't need" medical treatment for it. Id. at 48.

Upon his admission to the SHU at Elmira, Perry requested "sick call" on January 3, 2008. When asked by a nurse if he had any pain, Perry responded "no, I am all right" and denied he was injured. Id. Elmira medical records reflect that Plaintiff "denied injury." Nowve Decl. Ex. C. However, Perry asked medical personnel to provide him with "A&D Ointment" for his bruise. Perry also testified that although he was experiencing "throbbing pain" when he was given the ointment, the only other treatment he received for his pain was "just some aspirins, and that is it." Nowve Decl. Ex. B at 43. Perry testified

4

at his deposition that he has no current medical complaints as a result of the alleged incident.

## III. DISCUSSION

### A. The Applicable Standards

#### 1. Summary Judgment

Summary judgment is granted only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 338 (2d Cir. 2004). The courts do not try issues of fact on a motion for summary judgment but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material

fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002). Moreover, because Perry is proceeding pro se, the Court has an obligation to "read [pro se plaintiff's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) (internal quotes omitted); Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) ("Finally, mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot create a genuine issue of fact where none would otherwise exist." (internal quotes and citation omitted)). Summary judgment is appropriate where the

moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." <u>Gallo v. Prudential Residential Servs., L.P.</u>, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted).

### 2. Claims for Violation of Eighth Amendment

The Eighth Amendment to the United States Constitution, which is made applicable to the states through the Fourteenth Amendment, <u>Estelle v. Gamble</u>, 429 U.S. 97, 101-02 (1976), prohibits cruel and unusual punishment. "Thus, inmates have the right to be free from 'unnecessary and wanton infliction of pain' at the hands of prison officials." <u>Romano v. Howarth</u>, 998 F.2d 101, 104 (2d Cir. 1993) (quoting <u>Hudson v. McMillan</u>, 503 U.S. 1, 5 (1992)).

The test for Eighth Amendment claims contains both objective and subjective elements. <u>Blyden v. Mancusi</u>, 186 F.3d 252, 262 (2d Cir. 1999) (citing <u>Wilson v. Seiter</u>,

501 U.S. 294, 298-99 (1991)). The objective element focuses on the harm done in light of "contemporary standards of decency," Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009), and asks whether the alleged violation is "sufficiently serious" to warrant Eighth Amendment protections. Blyden, 186 F.3d at 262; Davidson v. Flynn, 32 F.3d 27, 29-30 (2d Cir. 1994). Due consideration must be given to the circumstances in which the force was applied, including "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted." Whitley v. Albers, 475 U.S. 312, 321 (1986) (internal brackets and cite omitted). Therefore, although not dispositive, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry . . . ." Hudson, 503 U.S. at 7. "But when prison officials use force to cause harm maliciously and sadistically, 'contemporary standards of decency always are violated . . . . This is true whether or not significant injury is evident.'" Wright, 554 F.3d at 268-69 (quoting Hudson, 503 U.S. at 9).

The subjective element requires that the prison official involved possess a "wanton" state of mind when he or she engaged in the alleged conduct. Blyden, 186 F.3d at

8

262. This inquiry turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Blyden, 186 F.3d at 262 (quoting Hudson, 503 U.S. at 6-7). Like the objective prong of the analysis for an Eighth Amendment claim, this determination varies according to the circumstances alleged. Blyden, 186 F.3d at 262.

The Supreme Court has explained, however, that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting Whitley, 475 U.S. at 327). Consequently, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights," Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1996) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)), and "not even 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. at 862 (quoting Hudson, 503 U.S. at 9); see also Larkins v. Selsky, No. 04

Civ. 5900 (RMB), 2008 U.S. Dist. LEXIS 52712, at *14 (S.D.N.Y. July 7, 2008).

### B. Plaintiff Cannot Establish a Violation of the Eighth Amendment

#### 1. Plaintiff's Injuries Are De Minimis

Plaintiff's testimony concerning the extent of his injuries indicates that the alleged use of force resulted in, at most, "just a little bruise," and minor pain that abated after "about four days" following treatment with ointment and aspirin. Nowve Dec. Ex. B at 40, 43. The medical records from Elmira shortly after the alleged incident do not indicate any evidence of bruising or other symptoms of physical injury and note that Plaintiff himself "denied injury." See, Nowve Decl. Ex. C; id. Ex. B at 45.

Even taking Plaintiff's allegations of his injuries and resulting pain as true, the harm described by Perry is not sufficiently serious or harmful to "reach constitutional dimensions." Romano, 998 F.2d at 105.

"[I]t is [] clear under the law of this Circuit that an open-handed slap . . . is not sufficiently 'repugnant to the conscience of mankind' to give rise to an Eighth Amendment claim." Santiago v. Campisi, 91 F. Supp. 2d 665, 674 (S.D.N.Y. 2000). While Plaintiff also alleges that Defendant choked him, it is undisputed that Plaintiff first attempted to kick Defendant.[2] Considering the circumstances in which the alleged use of force occurred and the need to restore discipline, it cannot be said that Defendant's actions rise beyond the level of de minimis use of force.

Moreover, courts in this Circuit have routinely found such types of minimal injuries and pain insufficient to satisfy the objective prong for claims of Eighth Amendment violations. See, e.g., Bryan v. Adm. of F.C.I. Otisville, 897 F. Supp. 134, 137 (S.D.N.Y. 1995) (noting that the "Second Circuit has deemed brief confrontations between prisoners and guards such as the pushing incident alleged here insignificant for Eighth Amendment purposes."); Sprau v. Coughlin, 997 F. Supp. 390, 394

---

[2] During his deposition, Plaintiff testified that the shackles were removed from his legs. Nowve Decl. Ex. B at 33. In opposing Defendant's motion for summary judgment, Plaintiff submitted an affidavit stating that his previous testimony was incorrect and that his legs were shackled during this incident. Perry Aff. ¶ 6. However, it is well established that an affidavit which contradicts a party's own prior deposition testimony should be disregarded. Mack v. United States, 814 F.3d 120, 124 (2d Cir. 1987).

11

(W.D.N.Y. 1998) (finding de minimis use of force where inmate was grabbed from behind the neck and hit several times across the neck, face and eye, resulting in small bump under inmate's eye); James v. Phillips, No. 05 Civ. 1539 (PKC), 2008 U.S. Dist. LEXIS 30615, at *12 (S.D.N.Y. Apr. 9, 2008) (finding de minimis use of force when prison guard shoved inmate into a door which resulted in swelling of inmate's chin); Malloy v. DeFrank, No. 95 Civ. 9122 (PKL), 1996 U.S. Dist. LEXIS 16151, at *17 (S.D.N.Y. Oct. 30, 1996) (finding inmate's allegations that push by prison guard resulted in back pain that subsided the next day did not rise to the level of a constitutional violation); Gonzalez v. Coughlin, No. 92 Civ. 7263 (HB), 1996 U.S. Dist. LEXIS 12770, at *12-*15 (S.D.N.Y. Aug. 21, 1996) (finding no excessive use of force where plaintiff alleged corrections officers tripped him to the ground and hit him in the knee); DeArmas v. Jaycox, No. 92 Civ. 6139 (LMM), 1993 WL 37501, at *4 (S.D.N.Y. Feb. 8, 1993) (finding plaintiff's allegation that he suffered a bruise and injured right knee after being punched once and kicked once constituted de minimis use of force).

The undisputed evidence demonstrates "[t]he insignificance of [Plaintiff's] injuries and the fact that

the medical records completely undermine [Plaintiff's] allegations" that Defendant's use of force was more than de minimis. Larkins, 2008 U.S. Dist. LEXIS 52712, at *15 (quoting Gashi v. County of Westchester, No. 02 Civ. 6934 (GBD), 2007 U.S. Dist. LEXIS 19789, at *18 (S.D.N.Y. Mar. 9, 2007)). Nor can it be said that the use of force is "of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 10. Plaintiff cannot satisfy the objective prong of an Eighth Amendment claim, and his complaint must be dismissed.

### 2. Plaintiff Cannot Establish Defendant's "Wanton" State of Mind

Plaintiff has also failed to set forth sufficient evidence upon which a finder of fact could reasonably determine that Defendant acted "maliciously and sadistically to cause harm." Blyden, 186 F.3d at 262. Aside from his conclusory assertions, Plaintiff offers no evidence that Defendant sought to wantonly inflict pain in response to Plaintiff's refusal to obey a direct order and Plaintiff's attempt to kick Officer Stephens while in the draft area. See Headley v. Fisher, No. 06 Civ. 6331 (PAC) (KNF), 2008 U.S. Dist. LEXIS 37190, at *14-*15 (S.D.N.Y.

13

May 7, 2008). Plaintiff's use of force, <u>de minimis</u> as it was, cannot be said to demonstrate a "wanton" state of mind in the context of the circumstances presented. Accordingly, Plaintiff cannot satisfy the subjective component of his claim for violation of his Eighth Amendment rights.

## IV. CONCLUSION

On the facts and conclusions stated above, summary judgment is granted in favor of Defendant and the complaint will be dismissed with prejudice.

Submit judgment on notice.

So ordered.

**New York, NY**
**September 2V, 2009**

ROBERT W. SWEET
U.S.D.J.

14